DOWNEY BRAND LLP
WILLIAM R. WARNE (Bar No. 141280)
MICHAEL J. THOMAS (Bar No. 172326)
ANNIE S. AMARAL (Bar No. 238189)
621 Capitol Mall, 18th Floor
Sacramento, CA 95814-4731
Telephone:   (916) 444-1000
Facsimile:   (916) 444-2100
bwarne@downeybrand.com
mthomas@downeybrand.com
aamaral@downeybrand.com

Attorneys for Plaintiff
SIERRA PACIFIC INDUSTRIES

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIERRA PACIFIC INDUSTRIES, et al., <br><br>　　　　Plaintiffs, <br><br>　v. <br><br>UNITED STATES DEPARTMENT OF AGRICULTURE, <br><br>　　　　Defendant. | Case No. 2:11-CV-01250 KJM-EFB <br><br>**JOINT STATUS REPORT** <br><br>Status Conference:　October 5, 2011 <br>Time:　10:00 a.m. <br>Courtroom:　3, 15th Floor |

　　　　Pursuant to Rule 16 of the Federal Rules of Civil Procedure, Local Rule 240, and this Court's Order Setting Status (Pretrial Scheduling) Conference ("Order"), dated July 25, 2011, Plaintiffs Sierra Pacific Industries, et al. (collectively, "Plaintiffs") and Defendant United States Department of Agriculture ("Defendant") hereby submit the following Joint Status Report after having met and conferred as required by the Court's Order.

　　　　(a)　<u>Brief summary of claims and legal theories under which recovery is sought or liability is denied.</u>

　　　　<u>Plaintiffs' factual and procedural summary</u>.

　　　　This case arises out of Defendant's refusal to permit Plaintiffs to depose and call at trial in state court certain federal employees who are the only people with direct personal knowledge regarding litigation that collectively seeks nearly $1 billion dollars. On September 3, 2007, a

1  wildfire ignited in Plumas County.  The fire burned for two weeks and consumed 65,000 acres
2  before it was contained by firefighting resources.  The origin and cause of the fire was jointly
3  investigated by the California Department of Forestry and Fire Protection ("CDF") and the United
4  States Forest Service ("USFS").  The investigation began on September 3, 2007, after USFS
5  investigator Dave Reynolds learned that there had been a logging operation near the heel of the
6  fire and sought out employees involved in that operation so he could interview them regarding
7  their activities that day.
8      Over the next few days, Reynolds traveled to the heel no less than four times and
9  processed the scene, read burn indicators, and conclusively determined that Howell's Forest
10 Harvesting Products, Sierra Pacific Industries' sub-contractor, had caused the fire while working.
11 On September 5, Reynolds completed a form that reflected the origin had been formally
12 "released" and that Sierra Pacific Industries was the "defendant."  Reynolds worked hand-in-
13 glove with CDF Battalion Chief Joshua White for most of the investigation, and on September 8,
14 White led two additional USFS employees, Special Agents Diane Welton and Marion Matthews,
15 to the heel and explained to them what he and Reynolds had done to arrive at their conclusions.
16 Special Agent Welton is a joint author of the Moonlight Fire Origin and Cause Report, the 294-
17 page report that details the governments' findings (the "Report").
18     Shortly after they published the Report, the USFS and CDF both sued the Plaintiffs in this
19 action.  The USFS, through the United States, sued in federal court and originally sought $791
20 million dollars in purported damages.  CDF and five other sets of private plaintiffs filed in Plumas
21 County Superior Court.  The collective damages being sought in all six state cases are not yet
22 quantified but may be hundreds of millions of dollars.
23     Discovery commenced after the federal and state cases were filed, and defendants in the
24 state actions began their efforts to depose the numerous and critical federal witnesses who have
25 direct personal knowledge regarding the origin and cause investigation of the Moonlight Fire.
26 These federal witnesses are all critical and have information not known by any other state or
27 third-party witnesses.  This includes Special Agents Welton and Matthews and other USFS fire
28 suppression employees who worked in the alleged origin area and have knowledge about the way

2

JOINT STATUS REPORT

1  the investigation was handled, as well as the fire's behavior.  It also includes USFS employees
2  who are the only people with knowledge about the United States' concerted and focused efforts to
3  cover up the fact that the fire was not reported in a timely manner because the Forest Service's
4  wildfire lookout was grossly negligent and derelict in performing his duties when smoke from the
5  fire was becoming visible.  Specifically, the lookout was surprised by another USFS employee
6  while urinating on his bare feet, was found with a marijuana pipe on government property, and
7  had the heavy odor of marijuana on his hand, all when smoke from the Moonlight Fire was
8  becoming visible.
9       Plaintiffs believe that the Moonlight Fire investigation was deeply flawed and obviously
10 need to depose all the individuals who participated.  Unfortunately, and in contravention of
11 fairness of due process, Defendant refused to produce its employees in the state actions for
12 deposition or trial testimony.  Defendant also refused to produce its employees, even though these
13 same people would be deposed and answer the same questions in the federal case, even though
14 Plaintiffs offered to run the depositions concurrently and work out a schedule with all counsel in
15 the state actions, and even though Plaintiffs offered to work out a timetable that would permit the
16 employees to know exactly how long their depositions would last and exactly who would be
17 asking questions when.  Left with no other choice, Plaintiffs filed the instant action to pursue
18 relief the only way it was able:  pursuant to the Administrative Procedures Act.  Plaintiffs intend
19 to seek recovery of their attorneys' fees associated with bringing this action.
20      <u>Defendant's statement.</u>
21      The scope of Plaintiff's Administrative Procedures Act ("APA") challenge is much more
22 limited than set forth in Plaintiffs' lengthy argument above.  The sole question to be addressed by
23 the Court is whether the United States Department of Agriculture's decision to not permit its
24 employees to sit for depositions in state court proceedings was arbitrary and capricious.  The
25 administrative record will establish that, in accordance with the applicable *Touhy* regulations, 7
26 C.F.R. § 1.200, *et seq.*, the USDA considered and denied its employees permission to sit for
27 depositions in response to Plaintiffs' state subpoenas because of the undue and substantial burden
28 placed on its employees to sit for state depositions (particularly given the extreme length of the

3

state court depositions), their testimony would be cumulative to testimony already or to be provided by those employees in depositions in the related federal case, and would have the appearance of favoring one litigant over another.  As will be established on summary judgment, Plaintiffs cannot and will not meet their heavy burden for relief under the APA.

(b)  <u>Status of service upon all defendants and cross-defendants.</u>

Plaintiffs served their Complaint and Summons on Defendant on May 10, 2011.  (See Docket No. 8.)

(c)  <u>Possible joinder of additional parties.</u>

Plaintiffs do not anticipate joining additional parties.

(d)  <u>Contemplated amendments to the pleadings, including to simplify or clarify the issues and eliminate previous claims and defenses.</u>

Plaintiffs anticipate filing a supplemental complaint to confirm that the federal witnesses have all been properly served with trial subpoenas in the state actions, and to add one additional witness.  Plaintiffs will file the requisite motion seeking leave of court by October 19, 2011.  *See* Fed. R. Civ. P. 15(d).

To the extent that that USDA has issued a final agency decision prior to October 19, 2011 with respect to the trial subpoenas served on Plaintiffs' employees, the USDA will not oppose and will otherwise stipulate to Plaintiffs filing an amended complaint as contemplated above, provided the USDA is given an opportunity to review and meet and confer with Plaintiffs on the proposed amended complaint at least forty-eight (48) hours prior to filing.  The USDA further reserves the right to oppose or otherwise respond to the proposed amended complaint to the extent it does not correspond to Plaintiffs' statement above.

On the other hand, if the USDA has not issued a final agency decision regarding the trial subpoenas by October 12, 2011, then those claims would not yet be ripe for adjudication.  In that situation, amendment would be futile, and the USDA would so oppose amendment on that basis.

(e)  <u>Statutory basis for jurisdiction and venue.</u>

Jurisdiction is proper because Plaintiffs' claim is premised on the Administrative Procedures Act, 5 U.S.C. § 701, *et seq*. and 28 U.S.C. § 1331.  Venue is proper under 28 U.S.C.

§ 1391(e).

(f) <u>Anticipated discovery and the scheduling of discovery.</u>

The parties agree that this APA case will be decided on cross-motions for summary judgment, which will be based on an administrative record produced by Defendant. As such, traditional discovery is not anticipated. To the extent that any party believes discovery is necessary, the parties agree to meet and confer with the other parties about the propriety of and proper procedure for requesting formal discovery in the context of this administrative action before serving written requests. All parties reserve their rights to seek discovery, including through leave of Court, but in making this reservation, do not agree that leave of Court is required. The parties agree that any meet-and-confer efforts will be made be in good faith and with the intent of avoiding motion practice.

(g) <u>Contemplated dispositive or other motions and a proposed date by which all non-discovery motions shall be heard.</u>

The parties agree that this action will be decided on cross-motions for summary judgment and propose the following briefing schedule:

| | |
|---|---|
| Deadline for Defendant to file and serve administrative record | November 4, 2011 |
| Deadline for Plaintiffs to object to record | November 23, 2011 |
| Deadline for Defendant to respond to any objections | November 30, 2011 |
| Deadline for Plaintiffs to reply to any response | December 7, 2011 |
| Hearing on any motion regarding objections to record | December 14, 2011 |
| Deadline for Plaintiffs to file motion for summary judgment | January 4, 2012 |
| Deadline for Defendant to file opposition and cross-motion for summary judgment | January 25, 2012 |
| Deadline for Plaintiffs to file opposition and reply | February 15, 2012 |
| Deadline for Defendant to file reply | February 29, 2012 |
| Hearing on cross-motions | Plaintiffs propose March 7, 2012, and the USDA proposes March |

14, 2012, or as soon after as may be heard by the Court

(h) <u>Methods that can be used from the outset to avoid unnecessary proof and cumulative evidence, and anticipated limitations or restrictions on the use of testimony under FRE 702.</u>

None, given that this case will be decided on summary judgment.

(i) <u>Proposed date for final pretrial conference.</u>

None, given that this case will be decided on summary judgment.

(j) <u>Proposed date for trial, etc.</u>

None, given that this case will be decided on summary judgment.

(k) <u>Appropriateness of special procedures such as reference to a special master or agreement to try the matter before the assigned magistrate judge pursuant to 28 U.S.C. § 636(c).</u>

<u>Plaintiffs' position.</u>

Plaintiffs do not stipulate to any special procedures, including but not limited to referring this matter to a special master or the assigned magistrate judge for findings and recommendations. *See* 28 U.S.C. § 636 (c). Numerous dispositive motions are anticipated in the related Moonlight case, case no. 2:09-cv-2445-KJM-EFB, all of which will be heard by this Court on or before February 1, 2012, and which will turn in large part on federal testimony provided by the witnesses whom Plaintiffs need to depose and call at trial in the state actions. As a result, this Court will be intimately familiar with the evidentiary issues that Plaintiffs are forced to present in the context of this action and which, contrary to Defendant's statement below, have not been briefed or argued to the magistrate judge. Plaintiffs have not once briefed a comprehensive dispositive motion to the magistrate judge; instead, they have briefed discrete discovery issues that relate to segmented parts of the case. Moreover, the final pretrial conference in the related Moonlight case is scheduled for March 14 and the parties' joint pretrial statement is due on March 7, which means that this Court will be knowledgeable about the comprehensive facts central to the Moonlight Fire litigation at the very same time that the instant action is being

decided. Finally, referring this matter to the magistrate judge for findings and recommendation will only add a layer of review, as this Court will necessarily have to review those findings and, if any party objects, conduct a de novo review. *See* 28 U.S.C. § 636(b)(1)(C). This additional layer of review will necessarily delay discovery from proceeding in the state action, which has already been delayed for nearly a year by the federal government's arbitrary and capricious decision to refuse to permit its employees to testify, and which will further prejudice the defendants in the state Moonlight case by preventing them access to the facts they need with adequate time to prepare for trial.

Because this Court will be familiar with the testimony and evidentiary issues that are part of this action, and because referring this matter to the magistrate judge will cause unnecessary delay and prejudice the defendants in the state Moonlight actions, no efficiency is gained by referring this matter to the magistrate judge for findings and recommendations and Plaintiffs respectfully decline to stipulate to this request by Defendant.

Defendant's statement.

The USDA proposes that the matter be referred to the assigned magistrate for findings of fact and recommendations for disposition under 28 U.S.C. § 636(b)(1)(B). Although the case will be confined to the administrative record, Plaintiffs' preliminary statement above and their APA complaint reference discovery disputes and other matters that have already been presented to, fully briefed before, and otherwise subject to orders by the assigned magistrate in this matter. To the extent that such matters are at all relevant to Plaintiffs' APA claim (which the USDA does not concede), it would be efficient and expedient to have the matter heard by the assigned magistrate judge in the first instance given the magistrate judge's extensive pre-existing familiarity with the legal and evidentiary issues, with subsequent findings and recommendations to this Court. Such findings and recommendations will also give this Court a fuller record on which to consider the issues for its final disposition. Further, given that the APA action does not affect the trial or matters in the related federal case, but instead only is related to the state court trial which is not to commence until the late summer or fall of 2012, having the matter referred to the magistrate will not cause any delay or otherwise affect the state court trial proceedings. For all of these reasons,

the Court should refer the matter to the assigned magistrate judge under 28 U.S.C. § 636(b)(1)(B).

(l) <u>Proposed modification of standard pretrial procedures because of the simplicity or complexity of the case.</u>

See subsection (g) above. See also the USDA's request that the matter be referred to the assigned magistrate for findings and recommendations.

(m) <u>Whether the case is related to any other case pending in this district, including the bankruptcy court of this district.</u>

Yes, this action has already been deemed related to case no. 2:09-cv-2445-KJM-EFB.

(n) <u>Optimal timing and method for settlement discussions, including whether a court-convened settlement conference should be scheduled.</u>

Not known at this time.

(o) <u>Any other matters that may be conducive to the just and expeditious disposition of the case.</u>

N/A.

| | |
|---|---|
| DATED:  September 28, 2011 | DOWNEY BRAND LLP |
| | |
| | By: /s/ Annie S. Amaral |
| | ANNIE S. AMARAL |
| | Attorney for Plaintiff |
| | SIERRA PACIFIC INDUSTRIES |
| DATED:  September 28, 2011 | MATHENY SEARS LINKERT & JAIME, LLP |
| | |
| | BY: /s/ Richard S. Linkert |
| | RICHARD S. LINKERT |
| | Attorneys For Plaintiff |
| | W.M. BEATY AND ASSOCIATES AND THE WALKER FAMILY LANDOWNERS |
| DATED:  September 28, 2011 | RUSHFORD & BONOTTO, LLP |
| | |
| | BY: /s/ Phillip Bonotto |
| | PHILLIP BONOTTO |
| | Attorneys for Plaintiffs |
| | EUNICE E. HOWELL, INDIVIDUALLY AND DOING BUSINESS AS HOWELL'S FOREST HARVESTING COMPANY; KELLY CRISMON, AND JW BUSH |
| DATED:  September 28, 2011 | BENJAMIN B. WAGNER |
| | United States Attorney |
| | |
| | BY: /s/ Todd Pickles |
| | TODD PICKLES |
| | Assistant United States Attorney |
| | Attorneys for |
| | UNITED STATES DEPARTMENT OF AGRICULTURE |