UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SIERRA PACIFIC INDUSTRIES, *et al.*,

      Plaintiffs,

No. CIV S-11-1250 KJM EFB

vs.

ORDER

UNITED STATES DEPARTMENT OF AGRICULTURE,

      Defendant.

_____/

This matter is before the court on the motion of plaintiffs to supplement the administrative record. (ECF 24.) At oral argument on the motion, held December 14, 2011, Elizabeth Stallard and Annie Amaral appeared for plaintiff Sierra Pacific Industries; Phillip Bonotto appeared for plaintiff Howell; Richard Linkert appeared for plaintiff W.M. Beaty and Associates, Inc.  Todd Pickles appeared for the government.  Defendant United States Department of Agriculture ("USDA") has opposed the inclusion of some documents in the record and has not opposed that of others. (ECF 27.)

/////

/////

1

I.      BACKGROUND

Plaintiffs are currently engaged in litigation in state and federal court related to forest fires that occurred in 2007. The sole issue in this case is whether defendant USDA violated the Administrative Procedures Act, 5 U.S.C. § 701, *et seq*. ("APA"), when it made the decision to not allow agency employees to be deposed or testify in the state action. The USDA has internal regulations ("*Touhy* regulations") governing the decision whether to make agency employees available to participate in state proceedings. *See United States ex rel Touhy v. Ragen*, 340 U.S. 462 (1952). The USDA's *Touhy* regulations provide that the following factors should be considered:

> (i) what interest of USDA would be promoted by the employee's testimony; (ii) whether an appearance would result in unnecessary interference with the duties of the USDA employees; (iii) whether an employee's testimony would result in the appearance of improperly favoring one litigant over another.

7 C.F.R. § 1.214(e)(1). On a rolling basis, the USDA has denied plaintiffs' requests for access to agency employees related to the state action. The USDA provides the following reasons: (1) the depositions and subsequent testimony could interfere with the employees' duties, (2) allowing them to testify would create the appearance of favoring one litigant over another, and (3) testimony in the state court case would be cumulative to the testimony in the federal case. (*See, e.g.,* ECF 24-5 at 21-24.)

On May 9, 2011, plaintiffs filed suit in this court claiming the USDA's decisions made pursuant to its *Touhy* regulations violate the APA. (ECF 1.) On November 18, 2011, plaintiffs filed an amended complaint. (ECF 20.)  The USDA filed the administrative record on November 4, 2011 (ECF 18) and on November 23, 2011, plaintiffs challenged the record as incomplete. (ECF 24.)

/////

1  II.     ANALYSIS

2          In considering actions brought in accordance with the APA, the court "will
3  reverse the agency action only if the action is arbitrary, capricious, an abuse of discretion, or
4  otherwise contrary to law." *Lands Council v. Powell*, 395 F.3d 1019, 1026 (9th Cir. 2005). "An
5  agency's action is arbitrary and capricious if the agency fails to consider an important aspect of a
6  problem, if the agency offers an explanation for the decision that is contrary to the evidence, if
7  the agency's decision is so implausible that it could not be ascribed to a difference in view or be
8  the product of agency expertise, or if the agency's decision is contrary to the governing law." *Id*.
9  (citation omitted). The court may not "'substitute [its] judgment for that of the agency'" and
10 "must uphold the agency's decision if the agency considered the relevant factors and made no
11 clear error of judgment." *Ctr. for Biological Diversity v. United States Fish & Wildlife Serv.*,
12 450 F.3d 930, 934 n.4 (9th Cir. 2006) (quotation omitted).

13         Although courts are limited to the administrative record existing at the time of the
14 agency decision in reviewing that decision, the Ninth Circuit has found four exceptions to this
15 rule: "(1) if admission is necessary to determine whether the agency has considered all relevant
16 factors and has explained its decision, (2) if the agency has relied on documents not in the
17 record, (3) when supplementing the record is necessary to explain technical terms or complex
18 subject matter, or (4) when plaintiffs make a showing of agency bad faith." *City of Las Vegas,*
19 *Nev. v. F.A.A.*, 570 F.3d 1109, 1116 (9th Cir. 2009). Plaintiffs rely on the first exception for the
20 majority of the materials at issue in this motion. The disputed materials fall into three categories,
21 discussed below.

22 /////
23 /////
24 /////

A.        Correspondence between USAO and Plaintiffs

The United States Attorney's Office for the Eastern District of California ("USAO") exchanged four letters with plaintiffs in which it discussed the rationale for the USDA's decision regarding the depositions. Ms. Birkey, an attorney with the USDA, was copied on three of the four letters. There is no evidence the fourth letter was ever received by the USDA. Plaintiffs argue these letters should be included in the record.  The USDA argues they were between the USAO and the plaintiffs, did not affect the USDA's decision-making and, therefore, are not properly part of the record.  USDA suggests that plaintiffs must prove the letters were actually relied upon in order to justify inclusion in the record.

Plaintiffs rely on *Thompson v. U.S. Dept. of Labor*, 885 F.2d 551 (9th Cir. 1989), for the proposition that correspondence related to a pending agency decision should be included as part of the record. In *Thompson*, the dispositive inquiry was whether the correspondence was before the decision maker, the Secretary of Labor, when the decision was made. In that case, because the letters were submitted along with a motion for reconsideration to the agency and were relied upon by the decision maker, the court concluded that "[t]hese materials were considered by the Secretary, either directly or indirectly, during Thompson's motion for reconsideration, and consequently are properly part of the administrative record." *Id*. at 556. Because the three letters on which Ms. Birkey was copied address the subject matter at issue in this case and were before the decision-making agency, plaintiff's motion is granted with respect to this correspondence. Therefore, the following letters shall be included in the record:

- February 4, 2011 correspondence from Todd A. Pickles to William R. Warne (copy to Rachel Birkey);

- March 21, 2011 correspondence from Todd A. Pickles to William R. Warne (copy to Rachel Birkey); and

- March 24, 2011 correspondence from William R. Warne to Todd A. Pickles (copy to Rachel Birkey).

With respect to the letter dated January 28, 2011, from William R. Warne to Kelli L. Taylor and Todd A. Pickles, there is no evidence it was before the USDA. Plaintiffs' motion is denied with respect to this letter.

B.      Federal Deposition Transcripts

Plaintiffs argue the transcript of the federal deposition for each of the subpoenaed agency employees should be included in the administrative record because each is relevant to determining whether the USDA's decision was well-considered. The USDA counters by stating it did not consider the content of the depositions, but rather merely considered the fact that such depositions would be taken in making its *Touhy* decision. It points to the fact that several of the depositions were conducted after the final agency decision. Plaintiffs argue that even if the USDA did not read the particular depositions, the content of each is relevant to the USDA's stated reasoning that the state depositions would be cumulative.

Plaintiffs rely on *United States v. Fleet Management Ltd.*, 2008 WL 1848102 (E.D. Pa. Apr. 24, 2008), in which the court held the Department of Homeland Security abused its discretion when it denied the adverse party access to a "critical witness" for its defense in a criminal case. *Id*. at *4. The facts of *Fleet Management* do not support plaintiff's position. In *Fleet*, the contested witness had not yet been deposed. Rather, the court relied on what the adverse party hoped to elicit from the agency employee in determining the testimony's importance. *Id*. at *3. Moreover, in that case, the government was accused of bad faith in destroying certain notes and attempting to replace the subpoenaed official with a separate handpicked witness. *Id*. Here, in contrast, no bad faith is alleged. Consideration of the depositions' content is not required by the *Touhy* regulations and therefore is not material to determining whether the agency acted in accordance with its obligations under the APA.

Plaintiffs' motion is denied with respect to the federal deposition transcripts.

C.        Privilege Log

Plaintiffs also seek inclusion of the United States' Privilege Log in Response to All Defendants, served in *United States of America v. Sierra Pacific Industries, et al.*, Case No. 2:09-cv-2445 KJM-EFB, and dated September 2011.  The privilege log identifies documents dating from as early as 1998 through March 2010, and also includes several batches of documents comprising correspondence and litigation materials generated following the filing of the 2009 lawsuit.  Plaintiffs argue the privilege log discloses a special relationship between the California Department of Forestry ("CDF") and the USDA, and that inclusion of the log in the administrative record is required, absent the documents the log identifies, to support a showing that complicity between the state and federal agencies informed the *Touhy* decision. (*See* ECF 24-1 at 10-11.) Here again, plaintiffs do not claim the USDA acted in bad faith, but rather that the communications with CDF were relevant to the agency's decision at issue in this case, that they were actually relied upon and are not currently in the administrative record. (*Id*.)  Plaintiffs do not provide any factual support for the claim that the USDA relied upon the communications or that such communications are otherwise relevant to defendant's *Touhy* decisions.

Plaintiffs do not support their request with any legal support other than a general appeal to the relevance of the privilege log and the underlying communications. Although not clearly stated in plaintiffs' papers, the argument appears to be that the mental process privilege should be disregarded in this instance. *See Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 420 (1971), *overruled on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977). ("inquiry into the mental processes of administrative decisionmakers is usually to be avoided."). The mental process privilege "involves uncommunicated motivations for a policy or decision." *North Pacifica, LLC v. City of Pacifica*, 274 F. Supp. 2d 1118, 1122 (N.D. Cal 2003). While the privilege may be overcome; here, plaintiffs have failed to articulate any argument for why the

6

court should include extra-record materials that implicate the intent of the administrative decisionmakers. *See Thomas v. Cate*, 715 F. Supp. 2d 1012, 1022-23 (E.D. Cal. 2010) ("as a general matter, courts will not receive extra-record evidence related to the agencies deliberative process absent a strong showing of bad faith."). Plaintiffs' motion is denied with respect to the privilege log.[1]

D.       Undisputed Items

As confirmed at hearing, the government does not oppose plaintiffs' motion with respect to the remaining documents.  They shall be added to the record as unopposed:

- "Determination to Deny Testimony," "Form R5-FS-1500-4," and "Memo" Pertaining To Alice B. Carlton, Maria Garcia, and Dave Loomis;

- Deposition subpoena of Alice B. Carlton, served in *California Department of Forestry and Fire Protection v. Eunice E. Howell, et al.*, Plumas County Superior Court, Case No. CV09-00205;

- Deposition subpoena of Maria Garcia, served in *California Department of Forestry and Fire Protection v. Eunice E. Howell, et al.*, Plumas County Superior Court, Case No. CV09-00205;

- Deposition subpoena of Dave Loomis, served in *California Department of Forestry and Fire Protection v. Eunice E. Howell, et al.*, Plumas County Superior Court, Case No. CV09-00205;

- Trial subpoena of Alice B. Carlton, served in *California Department of Forestry and Fire Protection v. Eunice E. Howell, et al.*, Plumas County Superior Court, Case No. CV09-00205;

- Trial subpoena of Larry Craggs, served in *California Department of Forestry and Fire Protection v. Eunice E. Howell, et al.*, Plumas County Superior Court, Case No. CV09-00205;

- Trial subpoena of Les Curtis, served in *California Department of Forestry and Fire Protection v. Eunice E. Howell, et al.*, Plumas County Superior Court, Case No. CV09-00205;

---

[1] The court notes that plaintiffs' position is not entirely clear regarding whether they seek inclusion of the log or rather, the actual communications the log references. Because this is not a discovery motion, the court construes the request to apply simply to the log.

7

- Trial subpoena of Brigitte Foster, served in *California Department of Forestry and Fire Protection v. Eunice E. Howell, et al.*, Plumas County Superior Court, Case No. CV09-00205;

- Trial subpoena of Ron Heinbockel, served in *California Department of Forestry and Fire Protection v. Eunice E. Howell, et al.*, Plumas County Superior Court, Case No. CV09-00205;

- Trial subpoena of Randy Jennings, served in *California Department of Forestry and Fire Protection v. Eunice E. Howell, et al.*, Plumas County Superior Court, Case No. CV09-00205;

- Trial subpoena of Karen Juska, served in *California Department of Forestry and Fire Protection v. Eunice E. Howell, et al.*, Plumas County Superior Court, Case No. CV09-00205;

- Trial subpoena of Marion Matthews, served in *California Department of Forestry and Fire Protection v. Eunice E. Howell, et al.*, Plumas County Superior Court, Case No. CV09-00205;

- Trial subpoena of Diane Welton, served in *California Department of Forestry and Fire Protection v. Eunice E. Howell, et al.*, Plumas County Superior Court, Case No. CV09-00205;

- February 24, 2011 correspondence from William R. Warne to Rachel A. Birkey;

- June 28, 2011 correspondence from Rachel A. Birkey to William R. Warne (copy to Todd A. Pickles, others);

- October 14, 2011 letter from Mr. Warne to Ms. Birkey and undersigned counsel;

- October 18, 2011 letter from Mr. Warne to Ms. Birkey and undersigned counsel;

- October 18, 2011 letter from Ms. Birkey to Mr. Warne; and

- November 22, 2011 letter from Ms. Birkey to Mr. Warne.

III.   ORDER TO SHOW CAUSE

Plaintiffs have submitted a request to seal certain documents appended to the instant motion. Local Rule 141(b) provides that the notice of request to seal documents must "describe generally the documents sought to be sealed." Local Rule 141.1(c) instructs parties to include the following in proposed protective orders: "(1) A description of the types of information eligible for protection under the order, with the description provided in general terms

8

1 sufficient to reveal the nature of the information []; (2) A showing of particularized need for
2 protection as to each category of information proposed to be covered by the order; and (3) A
3 showing as to why the need for protection should be addressed by a court order . . . ."

4         A party must make a particularized showing of good cause in order to justify
5 sealing materials attached to a non-dispositive motion. *See Kamakana v. City and County of*
6 *Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006); Fed. R. Civ. P. 26(c). Plaintiffs suggest
7 wholesale sealing is unnecessary; however, they request sealing in order to comply with the
8 parties' protective order governing the submitted documents. Defendant is ordered to show cause
9 within fourteen days of this order why the court should grant sealing and why focused redaction
10 at most is insufficient. *See Foltz v. State Farm Mutual Automobile Insurance Co.*, 331 F.3d 1122,
11 1136 (9th Cir. 2003) (rejecting sealing where third-party medical and personnel information
12 could be easily redacted).

13 IV.    <u>MEET AND CONFER</u>

14         As discussed with counsel at hearing, the court's standing order requires meeting
15 and conferring before the filing of any motion. (*See* ECF 11-1 at 3.) In the future, the parties are
16 ordered to accompany each filing of a motion with a statement providing details of the meet and
17 confer, including the time devoted to the meet and confer and a list of attorneys involved, so the
18 court may determine whether its standing request has been met.

19 V.    <u>CONCLUSION</u>

20         Based on the foregoing, the court orders as follows:

21     1. Plaintiffs' motion is granted with respect to the three letters exchanged
22        between the USAO and plaintiffs on which the USDA was copied, and the
23        undisputed documents identified above, but denied with respect to the
24        remaining documents;

2. An updated administrative record compliant with this order shall be delivered to the plaintiffs no later than December 27, 2011;

3. Defendant shall show cause within fourteen days why plaintiffs' request to seal should be granted; and

4. The parties are ordered to comply with the requirements for a meet and confer set forth above, preceding the filing of any future motions.

IT IS SO ORDERED.

DATED: December 22, 2011.

_____
UNITED STATES DISTRICT JUDGE