Karl Olson (SBN 104760)
kolson@rocklawcal.com
RAM, OLSON, CEREGHINO & KOPCZYNSKI LLP
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Tel: 415-433-4949
Fax: 415-433-7311

Attorneys for Intervenor Sacramento Bee

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIERRA PACIFIC INDUSTRIES, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>U.S. DEPARTMENT OF AGRICULTURE<br><br>　　　　Defendant. | No. 2: 11-cv-01250-KJM-EFB<br><br>**SACRAMENTO BEE'S OPPOSITION TO REQUEST TO SEAL DOCUMENT(S) IN CONNECTION WITH MOTION FOR SUMMARY JUDGMENT PURSUANT TO LOCAL RULE 141 FILED BY SIERRA PACIFIC INDUSTRIES (DOCKET NUMBER 35)** |

## I.　INTRODUCTION

Ninth Circuit case law has made it crystal clear that a "strong presumption of access to judicial records applies fully to dispositive pleadings, including motions for summary judgment and related attachments." *Kamakana* v. *City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).  In the face of that well-settled and controlling precedent, plaintiff Sierra Pacific has filed a request to seal (Docket No. 35) documents filed with its summary judgment motion (Docket No. 34) in this high-profile case arising from a major fire which burned approximately 65,000 acres and in which charges and counter-charges have flown back and forth between a major corporation and the United States of America.  The Sacramento Bee hereby opposes the sealing request.

*Kamakana* holds that the "strong presumption of access to judicial records" which "applies

fully" to dispositive motions like the one at issue here holds sway "because the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the 'public's understanding of the judicial process and of significant public events.'" (447 F.3d at 1179.) A major fire consuming tens of thousands of acres is obviously a "significant public event" and the public has every right to know what the parties' allegations, defenses and evidence are in this case. Neither Sierra Pacific nor the U.S. Department of Agriculture has advanced any reason whatsoever why the papers in this case should be sealed – there are no trade secrets or national security interests at stake – and there are none.

At most, it may be that one of the parties wants some of the papers sealed because that might lead to "a litigant's embarrassment, incrimination or exposure to further litigation," but the Ninth Circuit in *Kamakana* made clear that even if that is the case, those interests "will not, without more, compel the court to seal its records." (447 F.3d at 1179.) Sierra Pacific hasn't even shown that any of those interests are at stake.

The strong presumption in favor of access to court records can only be overcome by "compelling reasons" (*Kamakana,* 447 F.3d at 1178) supported by "specific factual findings" (*ibid.*), and there are no such "compelling reasons" advanced or shown here. The request to seal should be denied. "The 'compelling reasons' standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order." *Kamakana,* 447 F.3d at 1179. Thus, the parties' agreement to a protective order in this or a related case cannot and does not overcome the public's right of access here.

Without access to the evidence and pleadings which form the basis of Sierra Pacific's case and the defendant's defense, the public will not be fully informed of how and why the Court reaches its decision in this case. The summary judgment pleadings should be unsealed in their entirety so that "the very openness of the process [can] provide the public with a more complete understanding of the judicial system and a better perception of its fairness." *Leucadia, Inc.* v. *Applied Extrusion Technologies, Inc.*, 998 F.2d 157, 161 (3rd Cir. 1993) (internal quotation omitted). The summary judgment papers should not be sealed.

//

## II. THE SACRAMENTO BEE SHOULD BE ALLOWED TO INTERVENE TO VINDICATE THE PUBLIC'S RIGHT OF ACCESS

The First Amendment right of access is an affirmative, enforceable public right. *See Richmond Newspapers, Inc.* v. *Virginia*, 448 U.S. 555, 572 (1980); *Globe Newspaper Co.* v. *Superior Court*, 457 U.S. 596 (1982). The standing of the press to enforce this right is well settled. *See*, *e.g., Globe Newspapers*, 457 U.S. at 609, n. 25; *United States* v. *Brooklier*, 685 F.2d 1162, 1168 (9th Cir. 1982); *San Jose Mercury News, Inc.* v. *United States District Court,* 187 F.3d 1096, 1100 (9th Cir. 1999).

Therefore, this Court should allow the <u>Sacramento Bee</u> to intervene for the limited purpose of protecting the public's right of access to the documents in question and opposing the sealing of the summary judgment motion papers.

## III. THE PUBLIC HAS A STRONG RIGHT OF ACCESS TO THE DOCUMENTS IN QUESTION, THE SUMMARY JUDGMENT MOTION PAPERS.

The public has a First Amendment right of access to documents submitted to the Court in conjunction with defendants' motion for summary judgment. In order to overcome the First Amendment right of access, and seal the documents, the parties must show that sealing (1) serves a compelling interest, (2) there is a substantial probability that, in the absence of sealing, the compelling interest would be harmed, and (3) there are no alternatives to sealing that would adequately protect the compelling interest. *See Press-Enterprise Co.* v. *Superior Court*, 478 U.S. 1, 13-14 (1986); *Republic of the Philippines* v. *Westinghouse Elec. Corp*., 949 F.2d 653, 659 (3rd Cir. 1991) ("The First Amendment, independent of the common law, protects the public's right of access to the records of civil proceedings."); *Gambale* v. *Deutsche Bank AG*, 377 F.3d 133, 140 & n.4 (2nd Cir. 2004) (modifying protective order); cf. *Allegro Corp.* v. *Only New Age Music, Inc.*, 2004 U.S. Dist. LEXIS 9061 (D.Or. 2004) (noting a First Amendment and common law right of access to civil trial evidence).

Likewise, under the common law right of access, a strong presumption of access to civil judicial records exists. The common law right of access can be overcome *only* by a showing of

compelling necessity to preclude access to judicial records. *Kamakana,* 447 F.3d at 1178; *See Foltz* v. *State Farm Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).[1]  The right of access is at its zenith where – as here – the documents are submitted to the Court as a basis for adjudication. *See, e.g., Gambale*, 377 F.3d at 140 (right of public access is "at its apogee when asserted with respect to documents relating to 'matters that directly affect an adjudication'") (quoting Westinghouse, 949 F.2d at 1049); Allegro Corp, 2004 U.S. Dist. LEXIS 9061 at *2-3.  As the Second Circuit noted in *Gambale*, "documents used by parties moving for, or opposing, summary judgment should not remain under seal absent the most compelling reasons." *Gambale*, 377 F.3d at 140 (internal quotation omitted).

A decision to seal documents despite the public's right of access – and there has <u>not</u> been a showing to justify sealing – must be made by Court order specifying the factual basis for the ruling. *See, e.g., Hagestad* v. *Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995) (court must articulate findings "'without relying on hypothesis or conjecture'") (quoting *Valley Broadcasting Co.* v. *United States District Court*, 798 F.3d 1289, 1293 (9th Cir. 1986)); cf. *Phoenix Newspapers, Inc. v. United States District Court*, 156 F.3d 940, 949 (9th Cir. 1998) (requiring specific findings to support closure order).

Finally, the press intervenor <u>Sacramento Bee</u> stands in very different shoes than the government or Sierra Pacific.  The <u>Bee</u> did not participate in the negotiation of the protective order in the related case, and, therefore, is not bound by whatever "good cause" arguments were made in support of that protective order at that time. *Kamakana, supra,* 447 F.3d at 1179 [presumption of access not rebutted when documents subject to protective order are filed as attachments to dispositive motion]; *Cf. In re Adobe Systems, Inc*., 141 F.R.D. 155, 163 (N.D.Ca. 1992) (noting that documents are more likely to "remain confidential if the party seeking the

---

[1]  Access to judicial documents submitted on summary judgment is appropriately analyzed under the First Amendment right of access, as well as the common law.. *See, e.g., Smith* v. *U.S. District Court*, 956 F.2d 647, 650 (7th Cir. 1992) (appropriateness of making court files public is "accentuated in cases where the government is a party: in such circumstances, the public's right to know what the executive branch is about coalesces with the concomitant right of the citizenry to appraise the judicial branch"). As shown below, the parties cannot meet *either* standard, the common law or the First Amendment, to seal the documents in question.

information voluntarily entered into the protective order"). The Bee, having not participated in the protective order negotiations, cannot and should not be bound by it.

The public's interest in the documents at issue, as discussed above, is particularly high here given that the government is a party. The public has every right to know whether the government is at fault or, on the other hand, whether a large corporation is trying to shift blame for causing a major fire. While the court has not yet decided the merits of the parties' contentions, the summary judgment papers will be central to the Court's analysis. In order for the public to fully understand how and why the Court reaches its ultimate decision in this case, the summary judgment pleadings should be publicly accessible.

The public's interest in the pleadings in general is acute. The conduct of the government and Sierra Pacific, and their role in a major fire, has a serious impact on millions of Californians. The public interest in this matter and the documents at issue weigh strongly against sealing summary judgment papers.

## IV.  THE PARTIES CANNOT MEET THEIR HEAVY BURDEN TO DEFEAT PUBLIC ACCESS.

The right of access under either a First Amendment or common law analysis *cannot be overcome* without a specific evidentiary showing of *compelling interests* that require confidential treatment of *particular* documents and testimony. *Kamakana,* 447 F.3d at 1178-79; *Foltz,* 331 F.3d at 1135 ("strong presumption" of access to judicial documents can only be overcome by articulated "compelling reasons"). Generalized assertions of confidentiality are insufficient to support sealing. Allegro Corp, 2004 U.S. Dist. Lexis 9061 at *3-4 (rejecting affidavit claiming information at issue contained sensitive information as "insufficiently specific to overcome the presumption of public access to [e]xhibits"); cf. Oregonian Publishing Co. v. District Court, 920 F.2d 1462, 1467 (9th Cir. 1990) (defendant failed to make evidentiary record of facts justifying closure).

Overbroad, unspecific, and conclusory allegations are insufficient to overcome the public's right of access. These sorts of declarations and unsubstantiated allegations have been

soundly rejected by other courts. *See, e.g., Allegro Corp,* 2004 U.S. Dist. Lexis 9061 at *3-4 (rejecting affidavit as "insufficiently specific to overcome the presumption of public access to [e]xhibits"); *In re Providian Credit Card Cases*, 96 Cal. App. 4th 292, 305 (2002) (rejecting declarations as "conclusory and lacking in helpful specifics").[2]

As discussed above, the public's interest is particularly high here given that the government is a party and given that the dispute arises from a fire that scorched 65,000 acres and sent a plume of smoke across the Sacramento Valley. The parties' interest in non-disclosure, on the other hand, is either attenuated or non-existent.

In short, there is an overwhelming public interest in this case justifying access to the documents filed with the summary judgment papers, and no countervailing interest – much less the required compelling interest – in sealing.

## V. THE PUBLIC AND THE PRESS ARE ENTITLED TO PROMPT ACCESS TO THE RECORDS.

The sealing of court records cannot be premised on delaying rather than denying access. Time is of the essence to effective news coverage. A "total restraint on the public's first amendment right of access [is prohibited] even though the restraint is limited in time." *Associated Press* v. *United States District Court,* 705 F.2d 1143, 1147 (9th Cir. 1983). "Loss of First Amendment freedoms, even for minimal periods of time, unquestionably constitutes irreparable injury." *Eldrod* v. *Burns,* 427 U.S. 347, 373 (1976). *Accord Paradise Hills Associates* v. *Procel,* 235 Cal. App. 3d 1528, 1538 (1991) (citation omitted) ('"[T]he deprivation

---

[2] Moreover, even if some of the exhibits and testimony at issue do contain highly confidential commercial information or trade secrets, the disclosure of which would cause a demonstrated and significant competitive injury – and there has been absolutely no showing to that effect – the Court can and should find that the public's interest in the information sought outweighs the defendants' competitive interests. See, e.g., FRCP26, Adv. Cttee. Note to 1970 Amendment ("The Courts have not given trade secrets automatic and complete immunity against disclosure, but have in each case weighed their claim to privacy against the need for disclosure."); see also Foltz, 331 F.3d at 1137 (where disclosure of sealed information might subject a litigant to additional liability and litigation, "litigant is not entitled to the court's protection from this type of harm").

of first amendment rights for even minimal periods constitutes irreparable harm in the context of an action for injunctive relief.'").

The United States Supreme Court and the other federal courts have consistently emphasized the importance of <u>contemporaneous</u> access to judicial proceedings and records. *See, e.g., Nebraska Press Assn.* v. *Stuart,* 427 U.S. 539, 561 (1976) ("As a practical matter, moreover, <u>the element of time is not unimportant if press coverage is to fulfill its traditional function of bringing news to the public promptly</u>").

This case is unquestionably of legitimate public interest.  It involves both serious allegations and a hotly-contested dispute between a large corporation and the federal government.

On the other hand, no presumption of prejudice to the parties' interest may be indulged. *Brian W.* v. *Superior Court*, 20 Cal. 3d 618, 625 (1978).  All papers should be unsealed.

### A. There is No Compelling Interest Overcoming Public Right of Access.

The Supreme Court has consistently frowned upon secrecy and sealed records.  "People in an open society to not demand infallibility from their institutions, but it is difficult for them to accept what they are prohibited from observing."  *Richmond Newspapers, supra*, 448 U.S. 555, 572.  Indeed, even when military secrets have been at risk of disclosure, the Court has refused to allow secrecy to prevail.  *See, e.g., New York Times* v. *United States* [Pentagon Papers], 403 U.S. 713.  If the possible disclosure of top-secret military plans does not justify secrecy, then the allegations and evidence in a case like this one should not be sealed.

### B. No Prejudice if Records are Unsealed.

*Press-Enterprise*, 478 U.S. 1, 13-15 requires a "substantial probability" of prejudice to fair trial rights to deny access.  Again, no such finding can be made.  First, no party has shown any "overriding interest" in sealing papers.  In any event, even if there were an "overriding interest" supporting secrecy, no showing of prejudice can be made.  No party or third party should have any expectation of privacy in this dispute.

As the California Supreme Court observed in *NBC Subsidiary*, "'[a]n individual or corporate entity involved as a party to a civil case is entitled to a fair trial, not a private one.'" 20 Cal.4th 1178, 1211.

### C. The Proposed Sealing Is Not Narrowly Tailored.

First Amendment principles require that any proposed sealing be narrowly tailored. *Press-Enterprise*, supra, 478 U.S. at 15. Even if a party to this action could have justified sealing any records – and no such showing has been or could be made – the sealing sought in this case is overbroad.

### D. Less Restrictive Means.

The Court must also consider alternatives to sealing. *Press-Enterprise*, 478 U.S. at 15. This is simple recognition that public access is the rule, not the exception. *Foltz, supra*, 331 F. 3d at 1137; *San Jose Mercury News*, *supra,* 187 F.3d at 1102. The burden rests upon those who would deny public access to establish compelling reasons why records should be made private. There are no compelling reasons to deny access to records. They should not be sealed.

## V. CONCLUSION.

This is an important case with important public policy implications, touching upon a major fire which burned 65,000 acres and affected the lives of many people in the Sacramento Valley. The public should be fully informed of the parties' competing claims, and have full access to all documents filed with this Court as a basis for adjudication. The motion to seal should be denied.

Dated: January ___, 2012
RAM, OLSON, CEREGHINO & KOPCZYNSKI LLP

By: */s/ Karl Olson*
Karl Olson

Attorneys for Intervenor Sacramento Bee

# PROOF OF SERVICE

## 2: 11-cv-01250-KJM-EFB

I, Andrea Gonzalez, state:

I am a citizen of the United States. My business address is 555 Montgomery Street, Suite 820, San Francisco, CA 94111.  I am employed in the City and County of San Francisco where this mailing occurs.  I am over the age of eighteen years and not a party to this action. On the date set forth below, I served the foregoing documents described as:

**SACRAMENTO BEE'S OPPOSITION TO REQUEST TO SEAL DOCUMENT(S) IN CONNECTION WITH MOTION FOR SUMMARY JUDGMENT PURSUANT TO LOCAL RULE 141 FILED BY SIERRA PACIFIC INDUSTRIES (DOCKET NUMBER 35)**

by filing electronically in the United States District Court, Eastern District of California and serving all parties named therein as active in this matter.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on January 9, 2012, at San Francisco, California.

Andrea Gonzalez