IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SIERRA PACIFIC INDUSTRIES, et al., | | |
| Plaintiffs, | Civ. No. S-11-1250 KJM EFB | |
| vs. | | |
| | ORDER | |
| UNITED STATES DEPARTMENT OF AGRICULTURE, | | |
| Defendants. / | | |
| SACRAMENTO BEE, | | |
| Intervenor. / | | |

On January 19, 2011 the court heard argument on a request to seal documents, filed by plaintiff Sierra Pacific Industries (SPI), and on The Sacramento Bee's motion to intervene and opposition to the request to seal. Janlynn Fleener and Annie Amaral appeared for SPI; Richard Linkert appeared for W.M. Beaty and Associates, Inc.; Todd Pickles, Kelli Taylor, and Richard Elias appeared for the United States Department of Agriculture (USDA); and Karl Olson appeared for The Sacramento Bee (Bee).

/////

/////

1

I. Background

Plaintiffs are currently engaged in litigation in multiple cases in state and federal court related to the Moonlight forest fire that burned approximately 65,000 acres in 2007. The sole issue in this case is a narrow one: whether defendant USDA violated the Administrative Procedures Act, 5 U.S.C. § 701, *et seq*. ("APA"), when it made the decision to not allow agency employees to be deposed or testify in the state action. The USDA has internal regulations ("*Touhy* regulations") governing the decision whether to make agency employees available to participate in state proceedings. *See United States ex rel Touhy v. Ragen*, 340 U.S. 462 (1952).

On May 9, 2011, plaintiffs filed suit in this court claiming the USDA's decisions made pursuant to its *Touhy* regulations violate the APA. (ECF 1.) On November 18, 2011, plaintiffs filed an amended complaint. (ECF 20.) The USDA filed the administrative record on November 4, 2011 (ECF 18), and on November 23, 2011, plaintiffs challenged the record as incomplete. (ECF 24.) In that motion, plaintiffs sought to supplement the record with, *inter alia*, deposition transcripts of Forest Service employees taken in the course of litigation of the separate suit identified as *United States v. America v. Sierra Pacific Industries, et al.*, Civ. No. 09-2445 KJM EFB.

On December 22, 2011, the court denied the portion of plaintiffs' motion seeking to add the deposition transcripts to the administrative record, noting that "[c]onsideration of the depositions' content is not required by the *Touhy* regulations and therefore is not material to determining whether the agency acted in accordance with its obligations under the APA." ECF No. 31 at 5.

On January 4, 2012, plaintiffs filed a motion for summary judgment and a request to file under seal Exhibits E, G, J, L, N, P and R to the Declaration of Elizabeth Stallard. Plaintiffs noted that these exhibits, which are portions of deposition transcripts, are designated "confidential" under the Stipulated Protective Order entered in Civ. No. S-09-2445 KJM EFB. ECF No. 35 at 3.

1    On January 9, 2012, the Bee filed a request to intervene and an opposition to the
2 request to seal documents. ECF No. 37. Both USDA and SPI have filed responses to the Bee's
3 opposition. ECF Nos. 40, 41.
4 II. Motion To Intervene
5    "Nonparties seeking access to a judicial record in a civil case may do so by
6 seeking permissive intervention under Rule 24(b)(2)." *San Jose Mercury News, Inc. v. U.S.*
7 *District Court - Northern District*, 187 F.3d 1096, 1100 (9th Cir. 1999). Rule 24(b) provides, in
8 pertinent part:

> Upon timely application anyone may be permitted to intervene in
> an action: ... (2) when an applicant's claim or defense and the main
> action have a question of law or fact in common. ... In exercising
> its discretion the court shall consider whether the intervention will
> unduly delay or prejudice the adjudication of the rights of the
> original parties.

13 Fed. R. Civ. P. 24(b).
14    In the Ninth Circuit, a court will allow intervention upon a showing that (1) the
15 movant has an independent ground for jurisdiction; (2) the motion is timely; and (3) the
16 movant's claim or defense and the main action have a question of law and fact in common. *See*
17 *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998).
18    No party has challenged any of the above prerequisites with respect to the Bee's
19 motion. The court finds this is a matter of public concern and controversy, and that the Bee has
20 satisfied the Rule 24(b) requirements for permissive intervention. As noted at hearing, the Bee's
21 motion to intervene is GRANTED, for the limited purpose of challenging plaintiffs' request to
22 seal.
23 /////
24 /////
25 /////
26 /////

III. The Request To Seal

      A. Common Law Right of Access

Historically, courts have recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 n.7 (1978).[1] This right is justified by the interest of citizens in "keep[ing] a watchful eye on the workings of public agencies." *Id*. at 598. Such vigilance is aided by the efforts of newspapers to "publish information." *Id*.

Nonetheless, access to judicial records is not absolute. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). A narrow range of documents is not subject to the right of public access at all because they have "traditionally been kept secret for important policy reasons." *Times Mirror Co. v. United States*, 873 F.2d 1210, 1219 (9th Cir. 1989). Case law has identified two categories of documents that fall in this category: grand jury transcripts and warrant materials in the midst of a pre-indictment investigation. *Id*. Unless a particular court record is one "traditionally kept secret," a "strong presumption in favor of access" is the starting point. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citing *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir.1995)); *accord United States v. Edwards* (*In re Video-Indiana, Inc.*), 672 F.2d 1289 (7th Cir. 1982); *United States v. Criden*, 648 F.2d 814, 823 (3d Cir. 1981); *In re National Broadcasting Co., Inc.*, 653 F.2d 609, 613 (D.C. Cir. 1981) (exercise of court's discretion informed by "strong tradition" of access); *Kamakana*, 447 F.3d at 1180. Accordingly, "[t]hose who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy." *Kamakana* (citing *Foltz*, 331 F.3d at 1136). This is so "because the resolution of a dispute on the merits, whether by trial or summary judgment, is at

---

[1] The Bee's argument that it also has a First Amendment right of access to the judicial records is not addressed here, because the right of access is established on common law grounds. *See Hagestad v. Tragesser*, 49 F.3d 1430, 1434 n.6 (9th Cir. 1995).

4

the heart of the interest in ensuring the 'public's understanding of the judicial process and of significant public events.'" *Kamakana*, 447 F.3d at 1179 (citing *Valley Broadcasting Co. v. U.S. Dist. Court for Dist. of Nevada*, 798 F.2d 1289, 1294 (9th Cir. 1986)); *accord Foltz*, 331 F.3d at 1135-36 (noting that "summary judgment adjudicates substantive rights and serves as a substitute for trial")). Thus, "compelling reasons" must be shown to seal judicial records attached to a dispositive motion. *Kamakana*, 447 F.3d at 1179 (citing *Foltz*, 331 F.3d at 1136). The compelling reasons standard applies even if the dispositive motion, or its attachments, were previously filed under seal or protective order. *Foltz*, 331 F.3d at 1136 ("[T]he presumption of access is not rebutted where ... documents subject to a protective order are filed under seal as attachments to a dispositive motion. The ... 'compelling reasons' standard continues to apply.") (internal citations omitted). "Different interests are at stake with the right of access than with Rule 26(c); with the former, the private interests of the litigants are not the only weights on the scale. Unlike private materials unearthed during discovery, judicial records are public documents almost by definition, and the public is entitled to access by default." *Kamakana*, 447 F.3d at 1180. "This fact sharply tips the balance in favor of production when a document, formerly sealed for good cause under Rule 26(c), becomes part of a judicial record." *Id*. Here, the "compelling reason" standard is met with the filing of a dispositive motion in litigation of undisputed public interest.

### B. Interface of Sealing Request With Court's Prior Ruling

However, these fairly straightforward principles do not end the analysis given the facts of this case. As a threshold matter, the documents SPI submits for sealing have not yet been filed. This court's Local Rule 141.1(a)(1) states that "[a]ll information provided to the Court in a specific action is presumptively public, but may be sealed in conformance with L.R. 141. Confidential information exchanged through discovery, contained in documents to be filed in an action, or presented at a hearing or trial otherwise may be protected by seeking a protective order as described herein." Local Rule 141(b) states that a "Request to Seal Documents" shall

1  be presented to the court for determination, setting forth the statutory or other authority for
2  sealing, the requested duration, the identity, by name or category, of persons to be permitted
3  access to the documents, and all other relevant information.  Under this rule, documents
4  submitted with a request to seal are lodged with the court but are not made part of the record
5  until the court resolves the request to seal.  *See*  L.R. 141(d).  If the court denies the request to
6  seal, the documents submitted for sealing are to be returned to the submitting party without
7  filing.  *Id*.

8             At the same time, SPI's submission of the documents with the purpose of
9  effecting their filing raises questions that must be addressed.  As noted, in a prior order in this
10 case, the court found that the same documents SPI now seeks to rely on in support of its motion
11 for summary judgment are not material to the resolution of the narrow issue presented by this
12 case. In light of this ruling, SPI's attempt to file the documents at all appears to be  improper.
13 The Supreme Court has recognized that public access may be denied "where court files have
14 become a vehicle for improper purposes." *Nixon*, 435 U.S. at 598.  "Improper purposes" is not
15 clearly defined, but have been found when public access to information may present a danger to
16 confidential informants, *Gray v. Woodford*, 2010 WL 2231808, at *9 (S.D. Cal. June 2, 2010), or
17 might infringe trade secrets.  *Triquit Semiconductor, Inc. v. Avago*, 2010 WL 3928630, at *1 (D.
18 Ariz. Oct. 6, 2010).  Courts also have found an improper purpose when records could be used
19 "'to gratify private spite or promote public scandal.'"  *Nixon*, 435 U.S. at 598 (quoting *In re*
20 *Caswell*, 18 R.I. 835, 836 (1893)).  The court retains the inherent authority to strike any
21 documents it finds to be improper.  *In re NASDAQ Market-Makers Antitrust Litigation*, 164
22 F.R.D. 346, 349 (S.D.N.Y. 1996) (court has authority to strike any filed paper it finds to be
23 abusive or otherwise improper under the circumstances); *Schmitz v. Mars, Inc.*, 261 F.Supp.2d
24 1226, 1229 (D. Or. 2003) (court struck affidavit it could not properly consider as part of a
25 motion); *see Doe v. Webster*, 606 F.2d 1226 (D.C. Cir. 1979) (court may strike improper
26 evidence).

SPI does not dispute this court's authority to strike its exhibits, if filed, if the court finds them to be improper.  But SPI argues the court may properly consider the information, which justifies filing.  At hearing, SPI's counsel cited the court to three cases it also relies on in its motion for summary judgment.[2]  The court has reviewed the cases to see if they provide guidance with respect to the instant motions, and found them wanting; the only decision that addresses the consideration of extra-record material is based on facts that appear distinguishable from the circumstances in this case.  *See Ranchers Cattlemen Action Legal Fund*, 499 F.3d at 1117-18 (considering additional postdecisional scientific evidence when party argued it showed USDA's assumption lacked scientific support).  The court declines to analyze these cases in depth, as defendants have not had a chance to address them; moreover doing so could risk anticipating the merits of summary judgment.  Having carefully considered the posture of the current motions, the court finds it need not resolve at this time whether SPI's request to file the documents it seeks to seal is improper or in contravention of this court's prior order, as explained in the conclusion below.

### C. Privacy Act Rights of Federal Employees

In opposing sealing, the USDA argues that the Privacy Act applies to portions of the transcripts that discuss personnel records.  The Privacy Act generally prohibits a federal agency from disclosing records regarding an individual without that person's consent.  5 U.S.C. § 552a(b).  Under the Privacy Act, an agency maintaining a "system of records" must "maintain all records which are used by the agency in making any determination about any individual."  5 U.S.C. § 552a(e)(5).  The statute defines a "system of records" as "a group of any records under the control of any agency from which information is retrieved by the name of the individual or by some identifying number, symbol, or other identifying particular assigned to the individual."

---

[2] The cases are: *Ranchers Cattlemen Action Legal Fund v. U.S. Dept. of Agriculture*, 499 F.3d 1108 (9th Cir. 2007); *In re Vioxx Product Liability Litigation*, 235 F.R.D. 334 (E.D. La. 2006); *Ceroni v. 4Front Engineered Solutions*, 793 F.Supp.2d 1268 (D. Colo. 2011).

5 U.S.C. § 552a(a)(5). The statute defines "record" as "any item, collection, or grouping of information about an individual that is maintained by an agency, including but not limited to, his education, financial transactions, medical history, and criminal or employment history and that contains his name, or the identifying number, symbol, or other identifying particular assigned to the individual." 5 U.S.C. § 552a(a)(4).[3] The USDA has not cited the court to any case holding that deposition transcripts, even those mentioning personnel records, are covered by the Privacy Act. Rather, the USDA's authority discusses the production of records themselves during discovery. *See Laxalt v. McClatchy*, 809 F.2d 885 (D.C. Cir. 1987) (addressing whether Federal Bureau of Investigation files can be produced to defendant newspaper in response to a discovery request); *Nguyen v. Winter*, 756 F. Supp. 2d 128, 129 (D.D.C. 2010) (requiring a protective order for personnel files to be produced during discovery).[4]

Whether or not the Privacy Act itself applies, the Ninth Circuit has recognized that the need to protect individual privacy rights may, in some circumstances, rise to the level of a substantial governmental interest and defeat First Amendment right of access claims. *McClatchy Newspapers v. U.S. Dist. Court (In re McClatchy Newspapers)*, 288 F.3d 369, 374 (9th Cir. 2001). Generally, requests for court orders for disclosure of information about individuals should be evaluated by balancing the need for disclosure against potential harm to the subject of requested disclosures. *See Perry v. State Farm Fire & Cas. Co.*, 734 F.2d 1441, 1447 (11th Cir.1984) (balancing need for disclosure against potential harm to the subject of the

/////

---

[3] In addition, under 7 CFR § 1.119 "[n]o agency shall disclose any record which is contained in a system of records it maintains, by any means of communication to any person, or to another agency outside USDA, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains, *unless the disclosure is authorized by one or more provisions of 5 U.S.C.552a(b)*." 7 CFR 1.119 (emphasis added). The Privacy Act provides for disclosure of records pursuant to the order of a court of competent jurisdiction. 5 U.S.C. § 552a(b)(11).

[4] Various personnel files have been produced to SPI in discovery in the related case. *See* Civ. No. 09-2445, ECF No. 101.

8

disclosure); *Laxalt*, 809 F.2d at 890 (use of balancing test appropriate); *Rubin v. Regents of University of California*, 114 F.R.D. 1, 4 (N.D. Cal. 1986) (balancing test).

In this case, Karen Juska, a Forest Service employee, appeared on her own at hearing. When given the opportunity by the court, she asked that her privacy be respected.[5] The court does not doubt the sincerity of Ms. Juska's request nor her desire to limit her involvement in a situation not of her making.  Nevertheless, the substance of the information SPI seeks to file is already in the public record in one form or another.  *See, e.g.,* ECF No. 41-1 at 4-16.  While the court currently questions the extent to which the information may be relevant to its summary judgment determination, if the information is relevant, the court finds the Privacy Act does not require its sealing.

IV.  Conclusion

In light of the foregoing, the court DENIES SPI's request to seal the deposition excerpts it proposes to file as exhibits in support of summary judgment.  If SPI persists in its desire to submit the excerpts, it shall file them on the court's public docket within three days of this order.  If SPI files the exhibits, and the court later determines that the filing was improper, the court then will issue an order directing SPI to show cause why it should not be sanctioned.

IT IS THEREFORE ORDERED:

1. The Bee's motion to intervene (ECF No. 37) is GRANTED;

2. SPI's motion to seal (ECF No.  35) is DENIED; and

/////

/////

/////

/////

---

[5] Government counsel indicated that another, unnamed Forest Service employee was not able to attend the hearing, while clarifying that the government does not represent Ms. Juska or the other employee with respect to Privacy Act questions.

3.  Within three days of the date of this order, SPI shall file on the public docket any exhibits covered by its motion to seal that it wishes the court to consider with respect to its motion for summary judgment.

DATED: January 24, 2012.

_____
UNITED STATES DISTRICT JUDGE